UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

December 15, 2015

MEMORANDUM TO COUNSEL RE:     Autumn Johnson v. Asset Acceptance, LLC
                              Civil Action No. GLR-15-538

Dear Counsel:

     Pending before the Court are Defendant's, Asset Acceptance, LLC ("Asset Acceptance"), Motion to Dismiss Count VI and to Dismiss or Strike the Class Action Allegations in Plaintiff's First Amended Complaint (ECF No. 32), and Plaintiff's, Autumn Johnson, Motion for Leave to File a Second Amended Complaint (ECF No. 33). The Motions are ripe for disposition. The Court, having reviewed the Motions and supporting documents, finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2014). For the reasons that follow, Johnson's Motion will be granted and Asset Acceptance's Motion will be denied as moot.

     Under Federal Rule of Civil Procedure 15(a)(2), the Court should "freely give leave" to file an amended complaint "when justice so requires." The United States Court of Appeals for the Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

     A second amended complaint generally moots a motion to dismiss the first amended complaint because the first amended complaint is superseded. See Due Forni LLC v. Euro Rest. Solutions, Inc., No. PWG-13-3861, 2014 WL 5797785, at *2 (D.Md. Nov. 6, 2014) (quoting Venable v. Pritzker, No. GLR-13-1867, 2014 WL 2452705, at *5 (D.Md. May 30, 2014)). If the deficiencies raised in the motion to dismiss the first amended complaint remain in the second amended complaint, however, the Court may consider the motion as addressing the second amended complaint. See Buechler v. Your Wine & Spirit Shoppe, Inc., 846 F.Supp.2d 406, 415 (D.Md.2012) (quoting 6 Charles Alan Wright et al., Federal Practice & Procedure § 1476 (3d ed. 2010)).

     In Count VI of her First Amended Class Action Complaint ("FAC"), Johnson alleged a violation of Maryland's anti-wiretapping statute, Md. Code Ann., Cts. & Jud. Proc. § 10-402 (West 2015). (ECF No. 25). Johnson eliminates this claim, however, in her proposed Second Amended Class Action Complaint ("SAC"). (Compare ECF No. 25 with ECF No. 33-1). Johnson also adds a new section addressing Rule 23(a)'s four prerequisites for a class action suit. (Id.). In its Motion to Dismiss, Asset Acceptance argued the Court should dismiss Count VI in

Johnson's FAC because she consented to having her telephone call recorded and that the class action allegations in Johnson's FAC were deficient for failing to address Rule 23(a)'s four prerequisites. These deficiencies do not remain in Johnson's proposed SAC. Furthermore, the Court finds no prejudice, bad faith, or futility because Johnson addressed the deficiencies raised in Asset Acceptance's Motion and Asset Acceptance expressly stated that it "does not oppose" Johnson's Motion. (ECF No. 37).

Accordingly, the Court will grant Johnson's Motion and deny Asset Acceptance's Motion as moot.

For the foregoing reasons, Johnson's Motion (ECF No. 33) is GRANTED and Asset Acceptance's Motion (ECF No. 32) is DENIED as moot. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

_____

George L. Russell, III
United States District Judge